IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ROBERT A CRISCO**                                                                             **PLAINTIFF**

**V.**                                                              **CASE NO. 2:12-CV-160-KS-MTP**

**WEXFORD CORPORATION, et al.**                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendants' Motions to Dismiss [30][31][1] certain claims from this case. The Plaintiff did not respond to either motion. Upon due consideration of the submissions of the parties, the applicable law, and being fully advised in the premises, the undersigned recommends that the Motions to Dismiss [30][31] be GRANTED.

### Factual Background

Plaintiff Robert A. Crisco, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] pursuant to 42 U.S.C. § 1983 on September 13, 2012. Plaintiff's initial claim occurred while he was a post-conviction inmate at South Mississippi Correctional Institute ("SMCI"). [1] at 4. Plaintiff was released on probation during part of the relevant time period (around March 17, 2009), but was arrested again in December of 2011 for allegedly violating probation. [1-2] at 2-3. According to the Mississippi Department of Corrections ("MDOC") website, Crisco appears to no longer be incarcerated. Plaintiff initially named Wexford Corporation, MDOC, Christopher Epps, and Dr. Willie Hall as defendants in this action. [1] at 1.

In his Complaint, Plaintiff alleges complications from a dental procedure which occurred

---

[1]For ease of reference, the documents are cited to herein by reference to the court docket number and docket page number in the federal court record.

at SMCI in May of 2008. [1] at 4. Plaintiff claims Dr. Shandard,[2] a dentist employed by Wexford Corporation, performed a tooth extraction which left a hole between his mouth and nasal cavity. [3] at 1-2. As a result of this procedure, Plaintiff claims he has experienced a great deal of pain and that he has since received inadequate medical treatment. *Id.* Plaintiff further complains that being left in an open-population cell block with a hole in his mouth exposed him to infections that could have resulted in death. *Id.*

Plaintiff attached his Request for Sensitive Administrative Remedy [1-1] and Request for Emergency Administrative Relief [1-2] to his Complaint [1]. In his Request for Sensitive Administrative Remedy, Plaintiff claimed he received information on September 11, 2008, that Dr. Shandard should not have removed the tooth and that this extraction led to multiple stitches and surgeries in an attempt to close the deep hole in his mouth. [1-1] at 2. Plaintiff complains that after informing doctors and medical staff at the clinic of his continued pain, he received no medication, and was deprived of his right to be free of cruel and unusual punishment. *Id.* On August 1, 2012, Plaintiff submitted an "Emergency Administrative Remedy Program ('ARP'): History and Facts" addressed to Defendant Christopher Epps. [1-2] at 1. In this request, Plaintiff alleged that the hole from the tooth extraction had not yet healed, even after a series of five oral surgeries performed by Dr. Willie Hill. *Id.*

Plaintiff provided a copy of the ARP he filed in September of 2008, stating that the First Step was not answered until February 18, 2009, and that he had not received any response past that point. [1-2] at 1-2. The First Step Response Form [3-3], which was attached to the

---

[2]Throughout the pleadings, the doctor is referred to as Dr. Shandard, Dr. Shanard, and Dr. Sharard. For consistency, the Court will refer to him as Dr. Shandard, as named in Dr. Hill's motion. *See* [31] at 2.

Complaint, is dated February 18, 2009, and appears to indicate that Plaintiff was "[l]ocated at unit 29 MSP." Plaintiff alleges that this delay in response from the administration "signified Dr. [Shandard] seriously messed up [his] mouth, by all accounts permanently since even five (5) oral surgeries failed to correct Dr. [Shandard's] dentistry." *Id.* at 3. Plaintiff responded via the Second Step on March 5, 2009. [3-4] at 1.

It was around this point in time (on March 17, 2009) that Plaintiff was released from prison until being arrested several months later for an alleged parole violation. [1-2] at 3. Plaintiff claims that during his release, he attempted to seek dental assistance but was unable to find anyone who was able to close the hole in his mouth. *Id.* at 2. Plaintiff further stated that Defendant Dr. Matthews warned that he would be susceptible of contracting osteomyelitis.[3] *Id.* Plaintiff alleges to have contracted the condition, leading to hospitalization while on probation. *Id.*

Not only is Plaintiff requesting relief in the form of corrective oral surgery and medical insurance, he is also claiming that the rest of his sentence should be suspended with unconditional release.[4] [1-2] at 3-4. Plaintiff further claims that he received no real medical attention while incarcerated and has not been provided the necessary treatment to close the hole permanently. [3] at 2-3.

By Order [11], the Court requested that Plaintiff provide more information regarding his claim and respond specifically to several questions regarding how the defendants violated his

---

[3]Osteomyelitis is an inflammation of the bone, generally caused by an infection. *Dorland's Illustrated Medical Dictionary* 1289 (29th ed. 2000).

[4]As it appears that Plaintiff has been released from prison, this request for relief is moot.

constitutional rights. [11] at 1. Plaintiff's response to the order [13] indicated the desire to add Dr. Woodall and Dr. Matthews as defendants in the case, which was allowed by the Court on October 30, 2012. [15] at 1. MDOC was then dismissed as a defendant *sua sponte* on November 1, 2011. [16] at 1-3.

**Standard**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the Plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, in order to survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that dismissal for failure to state a claim upon which relief may be granted *does not require* appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief, abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

In general, the court may not look beyond the pleadings when deciding a motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). However, a court may refer to matters of public record and documents attached or referred to in the complaint. *See Cinel*, 15

F.3d at 1343 n.6; *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Further, in a prisoner *pro se* action, the Court must look beyond the formal complaint and additionally consider any material filed as amendments. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

**Analysis**

On December 18, 2012, Defendants Wexford Health Sources, Inc., Ronald Woodall, M.D., and Christopher Matthews, D.M.D. (hereinafter, the "Wexford Defendants"), moved to dismiss all claims alleged to have occurred during the first period of time in which Plaintiff was incarcerated, arguing that any conduct during that time would be barred by the statute of limitations. [30] at 1. The same day, Defendant Willie J. Hill, D.D.S. ("Dr. Hill"), moved to dismiss the claims brought against him, arguing that Plaintiff failed to state a claim for relief under 42 U.S.C. § 1983. [31].

**I.      Claims alleged to occur during the first period of time in which Plaintiff was incarcerated are barred by the applicable statute of limitations.**

In their Motion [30], the Wexford Defendants claim that any alleged cause of action brought under 42 U.S.C. § 1983 during the first period of time Plaintiff was incarcerated should be dismissed because the claims are time-barred by the applicable statute of limitations. Actions under § 1983 are governed by the statute of limitations for personal injury cases in the state in which the cause of action arose. *Wallace v. Cato*, 549 U.S. 384, 387 (2007). Plaintiff claims that a dental procedure in May of 2008 caused the initial injury he continues to experience. This lawsuit was filed on September 13, 2012, over four years after the alleged injurious procedure occurred.

In Mississippi, the limitation period for personal injury cases is three (3) years from the date of the incident as found in Miss. Code Ann. § 15-1-49. While state law establishes the length of the statute of limitations, federal law determines when the statute of limitations begins to run. *Wallace*, 549 U.S. at 388. Under federal law, "the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citations and quotations omitted). The record indicates that Plaintiff first became aware he suffered an injury or had sufficient information regarding the alleged injury as early as September of 2008 when he filed an initial request for administrative remedy. At that time, the statute of limitations period began to run on any claim alleged in the administrative remedy complaint.

The Wexford Defendants further argue that because Plaintiff admits to being released from incarceration from March 17, 2009, to December of 2011, any alleged actionable claim occurring before March 17, 2009, would be barred by the statute of limitations, including all actionable claims occurring during the first period of Plaintiff's incarceration. Taking all the facts pled as true, and seeing that no interaction with Wexford Corporation or any of its medical personnel through the prison system would have taken place during Plaintiff's parole, any claims against the Wexford Defendants occurring or accruing prior to March 17, 2009, are time-barred and should be dismissed with prejudice.

**II.     Plaintiff has failed to state a claim against Dr. Hill pursuant to § 1983, justifying dismissal in accordance with Fed. R. Civ. P. 12(b)(6).**

Defendant Willie J. Hill argues that Plaintiff has failed to state a claim against him upon

which relief can be granted. Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981) (quoting 42 U.S.C. § 1983). Defendant argues that although he was named in the Complaint [1], no facts have been alleged to show that Dr. Hill deprived Plaintiff of any constitutional rights, privileges, or immunities.[5]

Plaintiff argues that none of the five oral surgeries performed by Dr. Hill were successful in closing the hole in his mouth, forming the basis of his claim against the oral surgeon. The success or failure of the surgeries, however, is irrelevant in terms of the constitutional question at issue. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are *deliberately indifferent* to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (emphasis added). Deliberate indifference is more than mere negligence in providing or failing to provide medical treatment. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193-94 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A

---

[5]Defendant correctly observes that the § 1983 claim against Dr. Hill must be assessed in his individual capacity as he is not a policymaker for purposes of an official capacity evaluation. *See Piotrowski*, 237 F.3d at 578 (5th Cir. 2001).

prisoner must allege facts showing that the medical professional knew of and disregarded an "excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza*, 989 F.2d at 195. Negligent conduct does not rise to the level of a constitutional violation giving rise to a § 1983 cause of action. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986).

Plaintiff has set forth no facts in his complaint to make it plausible that Dr. Hill knew of and disregarded an "excessive risk" to Plaintiff's health or safety. In fact, the record shows Plaintiff was transferred several times for multiple surgeries with Dr. Hill in an attempt to correct any problems Plaintiff was experiencing. When specifically asked by the Court how Dr. Hill violated Plaintiff's constitutional rights, Plaintiff responded that Dr. Hill only prescribed minimal pain medication, which was not continued after Plaintiff returned to Central Mississippi Correction Facility in June of 2012, ("CMCF"). Plaintiff further argued that Dr. Hill was not honest with him about his medical condition, allegedly telling him that his condition was "not too bad." [6] [13] at 2. This answer provided by Plaintiff is insufficient to state a proper claim for relief under § 1983 for a constitutional violation. This allegation is insufficient to state a claim that Dr. Hill knew of and consciously disregarded a serious risk to Plaintiff's health or acted with

---

[6] Plaintiff further states in his response to the Order Requiring Plaintiff to Respond that he was sure Dr. Hill may have meant well, indicating Plaintiff's acknowledgment that Dr. Hill was not acting with a conscious disregard of his health or safety. [13] at 3.

8

deliberate indifference to Plaintiff's medical needs.

Further, a prisoner is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). A prisoner's "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001). Plaintiff, to properly plead his cause of action, would need to show that Dr. Hill "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The record is clear that Plaintiff did receive medical treatment in response to his complaints of pain, even if he did not agree with the treatment or was unhappy with the results of that treatment.

Because nothing in the pleadings or record indicates that Dr. Hill refused to treat Plaintiff or intentionally treated him incorrectly, Plaintiff's allegations, though accepted as true, do not rise to the level of a constitutional violation needed to state a claim for relief.  It appears that, at most, Plaintiff disagreed with Dr. Hill's medical treatment (i.e., not ensuring Plaintiff was provided the "minimal" pain medication prescribed while incarcerated at CMCF and not successfully closing the hole in Plaintiff's mouth) which does not state a claim of deliberate indifference. *See Norton*, 122 F.3d at 292. For these reasons, Plaintiff's allegations fail to state a claim upon which relief may be granted and his claim against Dr. Hill for denial of adequate medical care should be dismissed with prejudice.

## Recommendation

For the reasons stated above, it is the recommendation of the undersigned that the Motions to Dismiss [30][7][31] be granted and that: 1) any claims brought by Plaintiff against the Wexford Defendants occurring or accruing during his first incarceration until his release on March 17, 2009, are barred by the statute of limitations and should be dismissed with prejudice; and 2) the allegations brought against Dr. Hill be dismissed without prejudice[8] for failure to state a claim upon which relief can be granted.

## Notice of Right to Object

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

---

[7]The Court notes that the Motion to Dismiss [30] covers only those complaints against the Wexford Defendants allegedly occurring prior to Plaintiff's 2011 re-arrest.

[8]As Plaintiff is a *pro se* prisoner and is to be afforded an opportunity to plead his best case, the dismissal should be without prejudice. As the Defendants filed early dispositive motions, the Court has not yet set a *Spears* or an omnibus hearing. If the case proceeds, the Court will conduct such a hearing and allow the Plaintiff a reasonable opportunity to clarify or amend his claims.

plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)(c) (extending the time to file objections to fourteen days).

THIS, the 8th day of August, 2013.

s/ Michael T. Parker
United States Magistrate Judge
