IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT ALLAN CRISCO                                                    PLAINTIFF

V.                                              CASE NO. 2:12-CV-000160-KS-MTP

WEXFORD CORPORATION, et al.                                          DEFENDANTS

ORDER

THIS MATTER is before the Court *sua sponte* upon the plaintiff's failures to comply with certain court orders.  Plaintiff Robert Allan Crisco, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on September 13, 2012.  Based on the record and applicable law, the Court finds that the remainder of this case should be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The Court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)).  This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On August 8, 2013, the Court entered an Order [38] directing the plaintiff to provide his correct mailing address to the clerk of court by August 23, 2013, or, alternatively, to file a

written statement with the clerk by that same date explaining why his case should not be

dismissed for failure to comply with court orders.  The Court also advised the plaintiff that his

failure to respond to the show cause order may result in the dismissal of his case without further

notice.  Despite this warning, the plaintiff failed to comply with the show cause order.  Further,

the docket reflects that the plaintiff has not communicated with the Court since January 29,

2013.

Since there is a clear record of delay, the Court may properly dismiss this case under

Rule 41(b).  *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v.*

*Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned

that dismissal could result from his failure to comply with a court order); *Balawajder v. Parker*,

56 F.3d 1386 (5th Cir. 1995).  Throughout the history of this case, the plaintiff has been

repeatedly warned that his case could be dismissed for failing to notify the Court of changes to

his address and/ or failing to comply with court orders. [4][5][10][11][17] [19][36][38].  Despite

these warnings, the plaintiff has not provided the Court with his current address or otherwise

complied with the August 23, 2013, show cause order.  In light of his inaction, it appears that the

plaintiff has lost interest in pursuing this lawsuit and has abandoned it.  Because the plaintiff has

failed to prosecute his case and comply with court orders, this case should be dismissed.

Accordingly,

IT IS HEREBY ORDERED that:

1. The claims remaining in this lawsuit are DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

2. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

THIS the 10th day of September, 2013.

*s/ Keith Starrett*

**UNITED STATES DISTRICT JUDGE**